UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

------------------------------------------------------------------------------------------------------

In re:                                                                                    Case Number:  10-13991-7

    DANIEL A. GACKE,

                  Debtor.

----------------------------------------------------------------

    BRENDA ZIMMERMAN-THORPE,

                  Plaintiff,

v.                                                                                           Adversary Number: 10-232

    DANIEL A. GACKE,

                  Defendant.

------------------------------------------------------------------------------------------------------

MEMORANDUM DECISION

On November 24, 2010, the Court conducted a hearing on the defendant's motion to dismiss this adversary proceeding.  The plaintiff appeared pro se, and the defendant was represented by Attorney George B. Goyke.  The following constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.  Based upon the record, the Court concludes that the defendant's motion should be granted.

The debtor owes the plaintiff approximately $9,000.00.  The debt was incurred when the plaintiff agreed to help the debtor consolidate his debts.  She borrowed the funds necessary to help him do so, and until April of 2010 he made what the plaintiff has characterized as "fairly regular" payments on the loan.  The

original loan amount was about $47,000.00.  When he filed bankruptcy, the debtor scheduled the plaintiff as an unsecured creditor and now seeks to discharge the remaining balance of his obligation to her.  The plaintiff initially asserted that the debtor was guilty of some sort of fraud or embezzlement, but in her pre-trial statement she withdrew those allegations and simply requested that the debtor "keep his word by paying back every penny of the loan."

Fed. R. Civ. P. 12(b)(6), which is applicable in bankruptcy adversary proceedings pursuant to Fed. R. Bankr. P. 7012(b), provides that a defendant may raise the "failure to state a claim upon which relief can be granted" as a defense.  This defense may be asserted by a motion to dismiss.  While the federal civil procedure rules contemplate "notice" pleading, a complaint must still contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  See Fed. R. Civ. P. 8(a)(2), which is applicable to bankruptcy adversary proceedings pursuant to Fed. R. Bankr. P. 7008(a).  To survive a motion to dismiss, the complaint must contain sufficient factual detail that if the allegations were proven to be true, the complaint would state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  And the facts as alleged have to be sufficient that if taken as true, they would support the legal claim submitted by the complaint.  Smith v. Duffey, 576 F.3d 336, 340 (7th Cir. 2009).

Here, the plaintiff seeks to avoid the effect of the bankruptcy discharge.  A chapter 7 discharge effectively eliminates the debtor's liability for *all* debts which arose before the petition date, unless there is a specific exception which covers

that claim.  See 11 U.S.C. § 727(b).  The only exceptions to discharge are found in 11 U.S.C. § 523(a), and the plaintiff does not allege any facts which would support an exception from discharge under that section.  More specifically, there are no facts alleged which would justify a finding that the debtor obtained funds through fraud or embezzlement, or that he willfully and maliciously injured the plaintiff.  In fact, she indicates in her correspondence to the Court that at least until April of 2010, the debtor "was making a constructive effort to stick to his commitment and obligation."

As the Supreme Court has acknowledged, the central purpose of the bankruptcy code is to allow debtors an opportunity to reorder their affairs and enjoy a new opportunity in life, "unhampered by the pressure and discouragement of preexisting debt."  Grogan v. Garner, 498 U.S. 279, 286, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991) (citing Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S. Ct. 695, 78 L. Ed. 1230 (1934)).  The fresh start policy of the code is limited only to the extent Congress concluded that the creditors' interest in recovering full payment of certain categories of debt (such as child support, alimony, unpaid educational loans, taxes, and liabilities for various fraudulent or tortious conduct) outweighed the debtor's interest in obtaining a release of those obligations.  Grogan, 498 U.S. at 287.

Exceptions to discharge are confined to those which are plainly expressed in the bankruptcy code, and even those are to be narrowly construed in favor of the debtor.  See In re Chambers, 348 F.3d 650, 654 (7th Cir. 2003); In re Scarlata, 979 F.2d 521, 524 (7th Cir. 1992).  The plaintiff's claim falls within the broad category of

claims which can be discharged, as the debtor has simply breached a promise to repay a loan. The plaintiff's concern about the debtor's failure to pay is understandable, and it is unfortunate that the debtor's financial condition compelled him to seek the protection of the bankruptcy code. But he is entitled to a discharge of all debts which do not fall within the narrow confines of § 523(a), and the plaintiff's complaint does not state a claim under any of the statutory exceptions to discharge.

Accordingly, the defendant's motion to dismiss must be granted, and the case shall be dismissed.

Dated: December 2, 2010

BY THE COURT:

/s/ Thomas S. Utschig
_____
Hon. Thomas S. Utschig
U.S. Bankruptcy Judge